```
            UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                  Newport News Division
```

UNITED STATES OF AMERICA

v.                                    ACTION NO. 4:05CR46

ANTRON ROWLAND,

       Defendant.


<u>O R D E R</u>


In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841.

    There is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c).

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing

evidence that the defendant possessed firearms after having been convicted of a felony and also possessed over five grams of cocaine base, as well as the firearms, during the course of a drug crime.

This defendant is 25 years old, was born in Suffolk, Virginia and has lived in this area all his life. He has been incarcerated in the Newport News City Jail since February of 2005 on these violations.

The defendant is single, has four children, and makes some child support payments. The defendant has maintained employment as a laborer or a fork lift driver. He has no monthly income or assets at this time and has made no payments since his incarceration in February of 2005.

The defendant was convicted of possession of cocaine with intent to distribute and possessing a firearm with drugs in 1996 in Sussex County at the age of 15. He was convicted of driving under a suspended or revoked license in 2001, three times for that offense in 2002 and once more in 2004. He was found guilty of a misdemeanor charge of eluding police in April of 2002 and petit larceny in January of 2003. His final misdemeanor conviction was reckless driving in 2004, along with driving under revocation or suspension.

The Court FINDS that the defendant is a danger of nonappearance because of the nature of the offenses, as well as his previous conviction for eluding the police. In addition, the Court

FINDS that he is a danger to the community based on his prior criminal record, which includes previous convictions for distribution of cocaine and possession of a firearm with drugs, which are identical to the charges currently facing this defendant.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  <u>See</u> <u>United States v. Williams</u>, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal

for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 27, 2005

<u>Nunc</u> <u>pro</u> <u>tunc</u> May 26, 2005